### SCHNEIDER et al. v. SIEVERS.

(Supreme Court, Appellate Term. March, 1902.)

BUILDING CONTRACT—CONSTRUCTION.

Where defendant engaged plaintiffs to make plans for a building to cover his entire lot, and plaintiffs submitted plans leaving vacant part of the lot, on the ground that the law did not permit such construction as defendant desired, and there is nothing to show that such construction was prohibited, there can be no recovery for the value of their services on defendant's refusal to accept their plans

Appeal from municipal court, borough of Manhattan, Second district.

Action by Ernest E. W. Schneider and others against August H. Sievers. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Henry B. Wesselman, for appellant.
Wendel & Robeson, for respondents.

GREENBAUM, J. The plaintiffs, as architects, seek to recover the fair and reasonable value of professional services rendered to defendant, the owner of a plot of land on the southeast corner of 125th street and 4th avenue. Plaintiffs assert that they were generally employed to make certain alterations on the building owned by defendant, that the compensation had been fixed for the services to be rendered, that measurements were taken after consultation and conference with defendant, and preliminary sketches prepared. The sketches submitted to defendant contemplated a building covering the entire lot excepting five feet over the first story. Defendant objected to the proposed plans on the ground that they did not provide for the building covering the entire lot to the top. The plaintiffs claimed that the law would not permit such construction, and that the space of five feet in the rear of the lot above the first story must be left under the building law. The defendant asserted that the plaintiffs were mistaken in their understanding of the law, that he could get an architect who could prepare plans providing for the entire building covering the full lot, and that if they (plaintiffs) could not accomplish this result he would have the work done elsewhere. Plaintiffs would not yield from their position, whereupon defendant engaged another architect, who did construct the entire building over the full lot, as defendant wished. Defendant and a witness produced by him testified that when the plaintiffs were engaged it was upon the understanding that the building to be constructed was to cover the entire lot. The learned justice before whom the case was tried found as matter of fact that the employment of the plaintiffs was a general

one, and held that, assuming that the plaintiffs were in error in their view of the building laws, they were, nevertheless, entitled to recover for services rendered by them up to the time of their discharge. From the record, however, we glean the following testimony given by Mr. Schneider, the plaintiff, with whom the defendant had all the negotiations: "By the Court: Q. The first time this gentleman, Mr Sievers, saw you, did he tell you that he wanted you to draw plans for a building to cover the entire lot? A. That he didn't say. He said to get as much as possible. Q. To cover as much of the lot as possible? A. As the law would allow." There is thus no substantial variance between the parties as to the terms of the original employment. There is no evidence in the case from which the court could find that the law would not permit a building of the character referred to in this action to be built upon the entire lot. The learned justice, indeed, giving judgment for $50 against the defendant, in his opinion states that "the plaintiffs probably were in error in their view of what the laws relating to buildings authorized to be placed on the plot mentioned." It must, therefore, follow that if, under the original employment, the architects undertook to make plans for a building to cover as much of the lot as possible under the law, and when the defendant expressly insisted that he wanted his building to cover the entire lot, that the law permitted this to be done, and that he could procure an architect who was ready to prepare such plans, and if, so far as appears, the law did permit such a construction, then the refusal of the plaintiffs to comply with defendant's desires and their ignorance of the building law in respect to the question at issue justified the defendant's course in securing the services of another architect, and precludes any recovery.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.